WAGEMANN, Appellant, v. RATH, Respondent.

(223 N. W. 830.)

(File No. 6143. Opinion filed March 2, 1929.)

H. O. Hepperle, of Aberdeen, and C. A. Merkle, of Leola, for Appellant.

C. S. Acker and McNulty, Williamson & Smith, all of Aberdeen, for Respondent.

MORIARTY, C.  The appellant brought this action to recover damages for seduction.  The trial court directed a verdict for the defendant, and the plaintiff appeals from the judgment entered upon said verdict, and from an order denying a new trial.

The sole question to be considered on this appeal is whether certain exhibits admitted in evidence are sufficient to justify the direction of a verdict for the defendant.

One of the exhibits in question is a formal stipulation of dismissal with prejudice, indorsed upon a copy of the complaint in this action.  The other exhibit is a writing headed with the venue and title of a bastardy case in which the defendant in the instant case is named as defendant and the appellant herein was the prosecuting witness.  This writing recites that in consideration of the sum of $1,350, paid to the prosecuting witness by the defendant, the said prosecuting witness, Martha Wagemann, accepts the said sum as full settlement of all damages sustained by her in the bastardy matter, for the support of her child, and "for any and all damages of every kind and description which this complaining witness may have sustained at the hands of this defendant."

Martha Wagemann admitted that her signature is attached to each of these instruments.  In the defendant's answer in the instant case, in which Acker appears as his attorney, it is alleged that a full and complete settlement had been made with the plaintiff by the defendant, and that, in consideration of such settlement, the plaintiff had stipulated that the action might be dismissed.  Replying to this answer the plaintiff alleged that the payment made to her was to be consideration for the dismissal of the bastardy action only, and that, if she had signed any writing purporting to release her claims in this action, her signature to such writing was procured by fraud and misrepresentation.

The record shows that the plaintiff lives in McIntosh county, N. D., and the defendant in McPherson county, S. D.  Before commencement of the bastardy case, Martha Wagemann and her relatives, acting on her behalf, consulted Franz Shubeck, of Ashley, N. D., who was then the state's attorney of McIntosh county.  By his advice the bastardy action was begun in McPherson county, S. D.  At the preliminary examination in that action Shubeck appeared for the prosecuting witness, and conducted the examination on her behalf.  C. S. Acker, of Leola, appeared for Rath, and C. A.

Merkle, of Leola, appeared with Shubeck for the prosecution. As a result of this examination Rath was bound over to appear at the June term of circuit court in McPherson county.

After this preliminary examination Attorneys Merkle and H. O. Hepperle went to the Wagemann home in North Dakota, and, apparently, as a result of that visit, Hepperle received a retainer and authority to begin an action for seduction on Martha Wagemann's behalf. On May 22, the summons and complaint in this action were served on Rath, Hepperle alone signing the complaint as attorney for the plaintiff. Later, however, both Merkle and Hepperle appeared as attorneys by signing the plaintiff's reply.

After the commencement of this action Shubeck advised Martha Wagemann and her relatives that he could secure $1,000 for her in a settlement with Rath, and she directed him to proceed with such settlement. As a result of negotiations between Shubeck and Rath's attorney, Acker, Martha Wagemann and her mother and brother went to Merkle's office in Leola. There they met with Acker, Shubeck, Merkle, and Rath; Rath gave a check for $1,350, of which $1,000 was paid to Martha Wagemann, and the remaining $350 retained by Shubeck, and the two exhibits hereinbefore mentioned were delivered to Rath or for him to Acker.

There is not a word of evidence in the record to show that either Rath or Acker made any representations whatever to the plaintiff or to any one acting on her behalf.

The sole contention of appellant's counsel is that Shubeck acted for Rath instead of for the plaintiff in the securing of the settlement, but there is no evidence to support any such contention. We are not called upon to determine whether Shubeck believed that the settlement which he urged his client to accept was the best that could be done on her behalf. There is nothing to show that either Rath or Acker dealt with Shubeck except at arm's length, or that either Rath or Acker was party to any misrepresentation made to the plaintiff.

In fact the record fails to show that the plaintiff signed the exhibits, or either of them, under the influence of any misrepresentations, so far as the disposition of this case is concerned. The record shows that the plaintiff, her mother, and her brother all testified that Shubeck told the plaintiff that by securing the settlement he was getting ahead of Hepperle, and that by her agreement to

the settlement Hepperle could do nothing further with the case he had started. From this it clearly appears that the plaintiff accepted the defendant's payment, understanding that such acceptance was to estop her from further recovery in either of her two actions. There is certainly nothing to show that Rath did not part with his money relying upon the stipulation.

Finding no error in the record, the judgment and order appealed from are affirmed.

SHERWOOD, P. J., CAMPBELL and BURCH, JJ., and MISER, C., sitting in the place of BROWN, J., concur.

POLLEY, J., dissents.

BROWN, J., absent and not sitting.